IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


GLORIA HILL, ET AL.                                                              PLAINTIFFS


v.                                           No. 5:05CV00168 GH


JEFFERSON HOSPITAL ASSOCIATION, INC.
d/b/a DAVIS LIFE CARE CENTER, ET AL.                                DEFENDANTS


## **ORDER**

Plaintiffs filed suit, on May 9th, in the Jefferson County Circuit Court alleging medical malpractice, ordinary negligence, the tort of outrage, breach of contract, violations of Arkansas resident rights, deceptive trade practices, and violation of consumer protection law and victimizing of the elderly and disabled in the treatment of Mabel Malcolm.  Among the alleged failures, plaintiffs assert failure to provide care in accordance with certain policy, procedures and rules of the Arkansas Department of Human Services, the Arkansas Office of Long Term Care, and the United States Centers for Medicare and Medicaid Services.

On June 8th, Davis Nursing Association filed a notice of removal with Jefferson Hospital's consent on the ground of federal question jurisdiction since the causes of actions are specifically based on several federal regulations.

Plaintiffs filed a motion to remand on June 30th, that while they assert violations of certain federal regulations which owners and operators of nursing homes are required to satisfy in the operation fo their nursing homes, those provisions do not create a private cause of action and so are not a basis for federal question jurisdiction and all claims are state causes of action.

-1-

On July 13th, Davis filed a response that an essential element of Counts VI and X of the complaint requires proof that defendants violated federal regulations setting forth the standards of appropriate care and treatment of residents of long-term health care facilities and so the claims depend upon construction of the federal regulations.

Plaintiffs filed a reply on July 27th that simply because a federal law may be at issue does not create federal question jurisdiction; instead, the cause of action must require the determination of a substantial federal question for such jurisdiction to exist.  They continue that they do not have to prove the violation of federal or state regulation to establish the cause plead and no private cause of action is established by the regulations.

The Court agrees with plaintiffs that proof of the federal regulations at issue are not required to establish their state law claims and that  "... the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).  The Court notes that this ruling is consistent with the September 8th order of remand in Willis v. Jefferson Hospital Association, 5:05CV00212 JLH, and the September 13th order of remand in Pitts v. Davis Nursing Association, 5:05CV00234 SWW.

Accordingly, plaintiffs' June 30th motion (#2) to remand is hereby granted.  The Clerk is directed to take the necessary actions remanding this case to the Jefferson County Circuit Court.

IT IS SO ORDERED this 21st day of September, 2005.

UNITED STATES DISTRICT JUDGE